## JOHN MILLER *vs.* TIMOTHY SHAY.

Worcester. October 4. — 23, 1886. DEVENS & W. ALLEN, JJ., absent.

In an action for the price of a quantity of sand sold by the plaintiff to the defendant, it appeared that the only account which was kept of the sand was kept by the plaintiff by making straight marks in a blank book, from reports made to him by his men who drove his teams; and that the plaintiff could not read or write, and could not tell how many loads were drawn, of his own knowledge, except by counting the marks in said book. The defendant offered to prove how much sand was actually delivered by the plaintiff, by showing how many casks of lime were used by the defendant, and how much sand was used with 'each cask in performing the work done by the defendant with the plaintiff's sand, by actual count by the men who made the mortar and mixed the lime with the sand drawn by the plaintiff. He also offered to show by experts how much sand is used with a cask of lime in making such mortar as the defendant used ·with sand furnished by the plaintiff, no actual count being made or kept by the defendant otherwise. The evidence offered was excluded. *Held*, that the evidence first offered should have been admitted; and that, if the sand was all used in making mortar, and if the mortar was all of the same or a similar quality, and the witnesses had examined the mortar, the evidence of ·the experts offered was admissible, provided they could testify that the quantity of sand could be determined in this manner.

CONTRACT, upon an account annexed, for two hundred and fifty-three loads of sand, sold by the plaintiff to the defendant.

Trial in the Superior Court, before *Bacon*, J., who allowed a bill of exceptions, in substance as follows:

It appeared from the plaintiff's evidence, that the only account which was kept of the sand was kept by the plaintiff by making straight marks in a blank book; and that the plaintiff put the marks down in said book from reports made to him by his men who drove his teams. It also appeared that the plaintiff could not read or write, and could not tell how many loads were drawn, of his own knowledge, except by counting the marks in said book.

The defendant, in opening his defence, stated that he did not have any confidence in the account of the plaintiff thus made up; and proposed to show how much sand was actually delivered by the plaintiff to the defendant, by showing how many casks of lime were used by the defendant, and how much sand was used with each cask in performing the work done by the defendant with the plaintiff's sand, by actual count by the men who made the mortar and mixed the lime with the sand drawn by the plaintiff. He also offered to show by experts how much sand is used with a cask of lime in making such mortar as the defendant used with sand furnished by the plaintiff, no actual count being made or kept by the defendant otherwise. The price per load was not in dispute.

The judge ruled that this mode of ascertaining the number of loads of sand delivered was not admissible, as too remote, and would not constitute a defence as to the number of loads delivered. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*W. A. Gile*, for the defendant.

*T. G. Kent*, for the plaintiff.

FIELD, J. We understand that the defendant, in order to prove the quantity of sand furnished by the plaintiff, offered to show, by the men who made the mortar, how much sand was used with each cask of lime, and how many casks of lime were used in making the mortar, and that all the sand furnished was used for this purpose. This evidence should have been admitted. The defendant also offered the evidence of experts to show " how much sand is used with a cask of lime in making such mortar as the defendant used with sand furnished by the

plaintiff, no actual count being made or kept by the defendant otherwise." If the sand was all used in making mortar, and if the mortar was all of the same or a similar quality, and the witnesses had examined the mortar, we see no objection to admitting this testimony, provided the experts could testify that the quantity of sand could be determined in this manner. A case might easily be supposed in which no account had been kept by anybody of the quantity of sand used in making mortar, and all the evidence on each side must be of this character, if any evidence is to be admitted.          *Exceptions sustained.*